UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DENNIS ARCENEAUX | CIVIL ACTION |
| VERSUS | NO. 25-2354 |
| HUNTINGTON INGALLS INC., ET AL | SECTION "R" (1) |

## ORDER AND REASONS

Defendants Huntington Ingalls Incorporated and Certain Underwriters at Lloyd's, London and London Market Companies (collectively, "Avondale") move to dismiss plaintiff Dennis Arceneaux's claims for declaratory and injunctive relief.[1] Arceneaux opposes both motions.[2] For the following reasons, the Court grants the partial motions to dismiss.

### I.  BACKGROUND

Arceneaux alleges that he worked at Avondale shipyard from 1966 to 1968 in the electrical department and on vessels under construction.[3]

---

[1] R. Docs. 39, 40. London Market Insurers are sued as the alleged liability insurers of Avondale and various alleged Avondale executive officers.
[2] R. Doc. 42.
[3] R. Doc. 1, at 17.

1

Arceneaux alleges that this work exposed him to injurious concentrations of asbestos dust and fibers and led to his June 2025 mesothelioma diagnosis.[4]

Arceneaux first filed suit in the Eastern District of Louisiana. *Arceneaux v. Huntington Ingalls Inc.*, 2025 WL 3140367 (E.D. La. Nov. 10, 2025) (Fallon, J.). In that suit, Arceneaux sought declarative and injunctive relief. *Id.* He alleged that he wanted to file a bodily injury claim in state court and was seeking a ruling on Avondale's theoretical federal officer status and to enjoin Avondale from removing his hypothetical state court suit to federal court. *Id.*

Avondale filed a motion to dismiss in that suit under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). *Id.* Judge Fallon found that the court did not have subject matter jurisdiction over the action as there was no justiciable controversy and dismissed the action without prejudice. *Id.*

Arceneaux then brought this suit in federal court. This time, Arceneaux brings a claims for declarative and injunctive relief and for bodily injury.[5] Specifically, Arceneaux asks the Court to declare that Avondale cannot establish federal officer status because Avondale cannot establish entitlement to either government contractor immunity or derivative

---

[4] *Id.*
[5] R. Doc. 1, at 15-16.

sovereign immunity.[6]  Further, Arceneaux asks for an injunction prohibiting Avondale from removing this action—which Arceneaux filed in federal court in the first instance—to federal court if the removal is premised on Avondale's status as a federal officer.[7]

Avondale moves to dismiss Arceneaux's claims for declarative and injunctive relief.[8]  Avondale asserts that the court lacks subject matter jurisdiction over Arceneaux's claims for declaratory and injunctive relief.[9]  In the alternative, Avondale asserts that Arceneaux's claims for declaratory and injunctive relief fail to state a claim upon which relief can be granted.[10]

The Court considers the partial motion to dismiss below.

## II.  LEGAL STANDARD

Federal courts are courts of limited subject matter jurisdiction.  The court's power to resolve disputes is limited to cases and controversies.  U.S. Const. art. III, § 2; *see Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992).  The judicial doctrine of standing has evolved from this constitutional

---

[6]   *Id.* at 17.
[7]   *Id.*
[8]   R. Docs. 39, 40.  Huntington Ingalls Incorporated and Certain Underwriters at Lloyd's, London and London Market Companies raise identical arguments in their motions to dismiss.
[9]   *Id.*
[10]  *Id.*

3

restriction. A lawsuit is not a case or controversy unless the plaintiff can demonstrate that he has standing to bring suit. *Id.*

Standing is a "threshold issue in every federal case." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). Standing requires the plaintiff to show (i) an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) it is likely (as opposed to merely speculative) that the injury will be redressed by a favorable judicial decision. *See id.*

A plaintiff must have standing for each claim asserted and for each form of relief sought, particularly when a plaintiff asserts multiple claims or seeks multiple forms of relief. *Los Angeles v. Lyons*, 461 U.S. 95, 105, (1983); *El Paso County, Texas v. Trump*, 982 F.3d 332, 338 (5th Cir. 2020). Absent standing, the court does not have subject matter jurisdiction over the claim. When a Rule 12(b)(1) motion challenging subject matter jurisdiction is filed in conjunction with other Rule 12 motions, the court must consider the Rule 12(b)(1) jurisdictional attack before addressing the merits. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

### III. DISCUSSION

Here, Arceneaux seeks declaratory and injunctive relief to prevent Avondale from raising affirmative defenses and removing his theoretical

4

state-court case to federal court. Arceneaux must establish standing for each claim asserted and form of relief sought. *Lyons*, 461 U.S. at 105.

### A. Declaratory Judgment

Arceneaux seeks a declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. § 2201(a), that Avondale does not qualify as a federal officer because Avondale cannot establish entitlement to potential affirmative defenses.[11] The party seeking a declaratory judgment has the "burden of establishing the actual case or controversy." *Cardinal Chem. Co. v. Morton Int'l Inc.*, 508 U.S. 83, 95 (1993).

A declaratory judgment claim is justiciable if "a substantial controversy of sufficient immediacy and reality exists between parties having adverse legal interests," *Venator Grp. Specialty, Inc. v. Matthew/Muniot Family, LLC*, 322 F.3d 835, 838 (5th Cir. 2003), and the court has an independent basis for subject matter jurisdiction, *Elldakli v. Garland*, 64 F.4th 666, 670 (5th Cir. 2023). For a declaratory judgment action to be justiciable, it "must be such that it can presently be litigated and decided and not hypothetical, conjectural, conditional, or based upon the possibility of a factual situation that may never develop." *AXA Re Prop. & Cas. Ins. Co. v. Day*, 162 F. App'x. 316, 319 (5th Cir. 2006) (citing *Brown & Root, Inc. v. Big Rock Corp.*, 383

---

11   R. Doc. 1.

F.2d 662, 665 (5th Cir. 1967)); *see also Public Serv. Comm'n of Utah*, 344 U.S. 237, 246 (1952) ("when the request is not for ultimate determination of rights but for preliminary findings and conclusions intended to fortify the litigant against future regulation, it would be a rare case in which the relief should be granted").

A declaratory judgment as to the validity of a defense the defendant may possibly raise in a future case or proceeding is not justiciable. *Calderon v. Ashmus*, 523 U.S. 740, 746-47 (1998); *see also Coffman v. Breeze Corps.*, 323 U.S. 316, 323-24 (1945) (holding that there was no case or controversy because the declaratory judgment action sought a declaration that an act that would arise only as a defense was unconstitutional); *Nautilus Ins. Co. v. Nevco Waterproofing*, 202 F. App'x 667, 669 (5th Cir. 2006) (holding that the Court need not decide under the Declaratory Judgment Act "the validity of a defense in a hypothetical future suit"). It is an action based on a hypothetical situation that may never develop if the defense is not raised. *See AXA Re Prop*, 162 F. App'x 316 at 319. That Avondale almost always raises federal officer status and then removes to federal court does not change the analysis.[12] Because the declaratory judgment claim is not justiciable, the

---

[12] Avondale asserts that since "2020, Avondale has not removed approximately 25% of the mesothelioma cases filed against it." R. Doc. 44, at 2.

6

Court does not have subject matter jurisdiction over it. The Court must dismiss the declaratory judgment claim without prejudice. *See, e.g.*, *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977).

### B. Injunctive Relief

The Court also lacks subject matter jurisdiction over Arceneaux's claim for injunctive relief. The claim for injunctive relief here "expressly depend[s]" on the prior adjudication of Arceneaux's claim for declaratory relief. *State of Tex. v. West Pub. Co.*, 882 F.2d 171, 177 (5th Cir. 1989). There can be no predicate adjudication of Arceneaux's claim for declaratory relief because there is not a justiciable claim for declaratory relief before the Court. *See id.*

Further, Arceneaux does not have standing to bring his claim for injunctive relief. To demonstrate that a claim meets the Article III standing requirement when a plaintiff is seeking injunctive relief, a plaintiff must allege facts establishing "actual present harm or a significant possibility of future harm." *Bauer v. Texas*, 341 F.3d 352, 357 (5th Cir. 2003).

Here, Arceneaux makes no such allegations. The injury Arceneaux is seeking to avoid with an injunction is the theoretical possibility that Avondale would seek to remove a future state-court claim against them to federal court. The possibility that Avondale could remove a future claim to

7

federal court is not a significant possibility of future harm. A generalized desire to litigate in state court is insufficient to satisfy the injury-in-fact prong of the standing requirement. *See Morgan v. Huntington Ingalls, Inc.*, 879 F.3d 602, 607 (5th Cir. 2018). Because Arceneaux has not shown an injury-in-fact as to his claim for injunctive relief, Arceneaux does not have standing for that claim.

The Court lacks subject matter jurisdiction over the claim over Arceneaux's claim for injunctive relief. The Court thus dismisses Arceneaux's claim for injunctive relief without prejudice. *See, e.g.*, *Hitt*, 561 F.2d at 608 (noting that dismissals for lack of subject matter jurisdiction are without prejudice).

## IV. DIVERSITY JURISDICTION

Arceneaux's complaint asserts that this Court has subject matter jurisdiction over his personal injury claims based upon 28 U.S.C. § 1332, diversity jurisdiction.[13] Diversity jurisdiction exists only when there is complete diversity of citizenship, and the amount in controversy exceeds $75,000, exclusive of interests and costs. 28 U.S.C. § 1332(a). The Court is obligated to consider whether it has subject matter jurisdiction *sua sponte*.

---

[13]     R. Doc. 1 at 3.

*The Lamar Co., L.L.C. v. Mississippi Transp. Comm'n*, 976 F.3d 524, 548 (5th Cir. 2020).

Plaintiff avers that he is a resident and citizen of Mississippi. He avers that Huntington Ingalls, Inc. is domiciled in Virginia and that Underwriters at Lloyd's London is domiciled in New York. Plaintiff does not allege the citizenship of the remaining defendants.

To allege the citizenship of a limited liability company properly, plaintiff must identify each of the members of the limited liability company and must properly allege the citizenship of each member in accordance with the requirements of 28 U.S.C. § 1332 (a) and (c). *Harvey v. Grey Wolf Drilling Co.*, 542 F. 3d 1077, 1080 (5th Cir. 2008). Plaintiff must identify and allege citizenship of each of the members of all defendant L.L.C.s, including: Bryan Chevrolet, L.L.C.; Crosby Valve, L.L.C; Sterling Fluid Systems, L.L.C.; and Warren Pumps, L.L.C.

To allege the citizenship of the corporations properly, plaintiff must identify where the corporations are incorporated and where the corporations have their principal place of business. 28 U.S.C. § 1332. Plaintiff must allege the citizenship of all defendant corporations, including: Trinity Industries, Inc.; Hartford Accident and Indemnity Company; Union Pacific Railroad Co.; FMC Corporation; International Paper Company; Paramount Global;

REDCO Corporation; Taylor-Seidenbach, Inc.; Uniroyal Holding, Inc.; Viking Pump, Inc.; Clayton Industries; and RTX Corporation.

## V. CONCLUSION

The Court lacks subject matter jurisdiction over Arceneaux's claims for declaratory and injunctive relief. The Court DISMISSES Arceneaux's claims for declaratory and injunctive relief WITHOUT PREJUDICE.

IT IS ORDERED that plaintiff, Dennis Arceneaux, shall have until February 19, 2026 to file an amended complaint, properly setting forth the citizenship of all the parties, as required to establish that the Court has diversity jurisdiction over this case under 28 U.S.C. § 1332.

New Orleans, Louisiana, this 3rd day of February, 2026.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE